United States District Court
Southern District of Texas
**ENTERED**
April 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAREL DIRK BOSMAN, (SPN # 03152017), *Plaintiff*, vs. CHILD ASSESSMENT CENTER, *et al.*, *Defendants*. | § § § § § § § § § § § § § CIVIL ACTION NO. H-25-606 |

## MEMORANDUM OPINION AND ORDER

While he was a pretrial detainee, plaintiff Carel Dirk Bosman filed a civil rights action under 42 U.S.C. § 1983 against the Children's Assessment Center (CAC); CAC employees Lala Elepavo, Angela Malbrough, and Sarah Ball; and his children's mother, Melissa Bosman.[1] (Dkt. 1). His action is dismissed with prejudice for the reasons explained below.

### I.  BACKGROUND

Bosman was detained in the Harris County Jail while waiting trial on felony charges of super aggravated sexual assault of a child under the age of six. *See* Search

---

[1] Bosman has since been convicted of super aggravated sexual assault of a child under the age of six. *See* Search Our Records, www.hcdistrictclerk.com (visited Mar. 31, 2025).

1/ 8

Our Records, www.hcdistrictclerk.com (visited Mar. 31, 2025).

In this complaint, which is one of at least eight Bosman has filed against various entities relating to his criminal prosecution, Bosman alleges that the CAC and three of its employees were negligent and engaged in professional malpractice during the course of the criminal proceedings. (Dkt. 1). He also alleges that the mother of his children is guilty of malicious prosecution, aggravated perjury, witness tampering, and parental interference. (*Id.* at 3). Specifically, he alleges that Melissa Bosman, added and abetted by the CAC and its employees, maliciously prosecuted him and engaged in perjury and witness tampering. (*Id.* at 4). He contends that these actions resulted in the alienation of his children as part of a custody dispute. (*Id.*).

As relief, Bosman asks the Court to impose disciplinary sanctions against each of the defendants and award him money damages against them. (*Id.*). This Court has no authority to initiate disciplinary proceedings against any of the defendants. Therefore, the Court will consider only Bosman's claims for money damages.

## II.   LEGAL PRINCIPLES

### A.   Actions Under 42 U.S.C. § 1983

Bosman brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*,

126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B.     The Prison Litigation Reform Act

The PLRA, which governs Bosman's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v.*

*Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

C. *Pro Se* **Pleadings**

Bosman is proceeding *pro se* in this action. Pleadings filed by *pro se* litigants are not held to the same stringent and rigorous standards as pleadings filed by lawyers and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* plaintiffs "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

### III. DISCUSSION

#### A. Claims Against the CAC

Bosman names the CAC as a defendant in his action. The CAC is a private foundation that partners with Harris County to provide counseling and other services to children who have been sexually abused and their families. *See* The CAC, www.cachouston.org (visited Mar. 31, 2025).

As explained above, § 1983 provides a cause of action only against state actors. *See West*, 487 U.S. at 48. As a private foundation, the CAC qualifies as a state actor only if it is performing a function that "is traditionally the exclusive province of the state." *Rosborough v. Mgmt. Training Corp.*, 350 F.3d 459, 460 (5th

Cir. 2003) (per curiam). Under this standard, the functions must be both traditionally and exclusively governmental. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-42 (5th Cir. 1999). Neither the government's approval of nor acquiescence in the conduct of a private party is sufficient to make the private entity liable under § 1983. *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982); *Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988).

Performing counseling services for victims of child sexual abuse and their families is not a function that is either traditionally or exclusively within the province of the government. *Cf. Bass*, 180 F.3d at 242 (dismissing complaint against a private hospital and its employees and noting that counseling actions taken in furtherance of civil commitment could not be deemed state action for purposes of § 1983); *Gordon v. Neugebauer*, 57 F. Supp. 3d 766 (N.D. Tex. 2014) (actions of a physician at a private mental health facility were not functions that were traditionally the excusive province of the state). Accordingly, the CAC does not qualify as a state actor, and it is not subject to suit under § 1983.

Bosman's claims against the CAC, a nonstate actor, are dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1).

### B.   Claims Against the CAC Employees

Bosman also sues three individual CAC employees, alleging that they are liable to him for professional malpractice and negligence in their handling of his

children and the services provided to them. These claims must be dismissed for two reasons. First, as employees of a private foundation, these individuals are not state actors for the reasons explained above. Second, Bosman does not allege claims against these defendants that arise under the Constitution or federal law.

Claims for professional malpractice and negligence are state tort actions, not federal constitutional violations. *See, e.g., Aguocho-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 315 (5th Cir. 2018) (per curiam) (claims of professional negligence and malpractice may not be recast as federal constitutional violations); *Combs v. City of Dallas*, 289 F. App'x 684, 687 (5th Cir. 2008) (per curiam) (same). Bosman's claims of negligence and professional malpractice against employees of a private foundation do not allege a violation of rights secured by the Constitution or federal law, and the claims are therefore frivolous.

Bosman's claims for negligence and professional malpractice against defendants Elepavo, Malbrough, and Ball are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) as legally frivolous and for failing to state a claim upon which relief can be granted.

### C. Claims Against Melissa Bosman

Like his claim against the CAC, Bosman's claims under § 1983 against Melissa Bosman must be dismissed for lack of a state actor. Bosman alleges no facts showing that Melissa Bosman—the mother of his children—is a state official, that

7/ 8

she was acting under color of state law at any time, or that she conspired with state actors to deprive him of his rights under federal law. He cannot use § 1983 to pursue state-law claims against her in federal court.

Bosman's claims against Melissa Bosman do not allege a cause of action under § 1983. His claims against her are dismissed under 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim.

## IV.  CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Bosman's civil rights action, (Dkt. 1), is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

2. Any pending motions are **DENIED as moot.**

3. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___Apr 3___, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE